IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IKEA WELLONS, | ) | |
| | ) | |
| Plaintiff, | ) | 2:23-cv-02023-CB |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| LOUIS DEJOY, | ) | |
| *Postmaster General*, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant's Motion (Doc. 14) for partial judgment on the pleadings will be granted, as follows. Defendant is correct that Plaintiff has failed to exhaust administrative remedies for her retaliation and failure to accommodate claims. Retaliation was not addressed in her charge of discrimination. She did not check the box, and did not include it in her written narrative. Her failure to accommodate theory likewise was not identified, and her allegations occurred before the 45-day cutoff set by her earliest *alleged* EEO contact, on September 20, 2018. Defendant disputes the date of first contact, but acknowledges that the matter cannot be resolved at this stage. Doc. 15 at n.2.

Plaintiff's arguments – that the above claims were fairly raised in her charge of discrimination, or were continuing violations – stretch reason to a breaking point. The inferential leaps required are vast, and similar arguments could be advanced in many a case. Under such precedent, exceptions would swallow the rule. Plaintiff's arguments are unconvincing, and Defendant's arguments and citations win the day.

Plaintiff's positions also are significantly hampered by the administrative proceedings. The administrative judge identified three complaints/claims raised in the charge of discrimination:

> 1. On July 26, 2018, Plaintiff was falsely accused of being absent from work, on July 5, 2018, and a supervisor threatened to terminate her;
>
> 2. On August 1, 2018, a supervisor "attempted to work [Plaintiff] outside her medical restrictions"; and
>
> 3. On August 22, 2018, Plaintiff was terminated during her probationary period.

Doc. 15-2. Plaintiff's counsel represented her in the administrative proceedings, and – over Plaintiff's objection – the judge dismissed (1) and (2) as untimely. Doc. 15-4. Later, the administrative judge granted judgment in Defendant's favor on the remaining claim, (3).

Plaintiff appealed the final judgment to the Office of Federal Operations (OFO), but she did not challenge the dismissal of claims (1) and (2). On this point, the OFO's written decision is clear: "[Plaintiff did] not challenge the dismissal of [the first] two claims on appeal." Doc. 15-8 at internal pg. 2 n.3. Her abandonment of the claims leaves them unexhausted. Tharp v. Lynch, 2015 WL 8482747, *6 (E.D. Va. Dec. 8, 2015) ("When a plaintiff fails to appeal certain claims to the OFO, the non-appealed claims are not administratively exhausted and thus must be dismissed for lack of jurisdiction.") (collecting cases); Uzlyan v. Solis, 706 F. Supp. 2d 44, 55 (D. D.C. 2010) (same, when the plaintiff "waived [the claim] prior to the administrative hearing"); *accord* Ellis v. Potter, 2008 WL 11509388, *2 (D. Md. Nov. 6, 2008); Lopez v. Potter, 2008 WL 2397416, *2 (D. Ariz. Jun. 10, 2008); Houchin v. Jackson, 2007 WL 1158123, at *5-6 (D. Colo. Apr. 17, 2007); *and* Striss v. Potter, 2006 WL 2827681, *8 (D. S.C. Sept. 28, 2006) (each holding materially the same).

The abandonment of the prior claims presents bright lines, and Plaintiff cannot seek recovery on those events/theories. The only claim that *might* be timely is the one regarding her termination, on August 22, 2018.[1] Whether evidence of any prior alleged event is admissible must, as Defendant suggests, wait another day.

Defendant's Motion (Doc. 14) for judgment on the pleadings is **GRANTED**, as described herein. This ruling does not result in a blanket dismissal of Count I (race discrimination) or Count II (sex/pregnancy discrimination), but **Count III** (retaliation) is **DISMISSED WITH PREJUDICE**.

Defendant already has filed an Answer. Doc. 10. The next step is for counsel to comply with the Order setting initial conference, Doc. 12, and the Video Initial Case Management Conference is reset for **April 18, 2025 at 10:30 a.m.** Closer to the time, counsel will receive via email a video conference invitation link.

IT IS SO ORDERED.

March 18, 2025                                   s/Cathy Bissoon
                                                 Cathy Bissoon
                                                 United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[1] If Defendant is able to show that Plaintiff's first EEO contact was on October 9, 2018, the termination claim likewise will be precluded. See Doc. 15 at 3-4 n.2. It seems possible, if not likely, that the dispute may be resolved through agency records, which Plaintiff cannot overcome with vague or conclusory assertions. *See generally, e.g.*, Miller v. Williams, 2024 WL 5263181, *1 n.1 (W.D. Pa. Dec. 31, 2024) ("[o]n summary judgment, Plaintiff enjoys the benefit of *reasonable* inferences, and any suggestion that . . . present conclusory statements are superior to contemporaneous . . . [agency] reports is not reasonable") (citation omitted, emphasis in original). Hopefully, counsel will discuss this matter with Plaintiff, so that she may adjust her expectations accordingly.